PROB 12B
(7/93)

# United States District Court
## for
### District of Guam



FILED
DISTRICT COURT OF GUAM
FEB 27 2006
MARY L.M. MORAN
CLERK OF COURT

## Report for Modifying the Conditions or Term of Supervision with Consent of the Offender
*(Probation Form 49, Waiver of Hearings is Attached)*

Name of Offender: **Henry T. Quintanilla**　　　　Case Number: **CR 95-00128-001**

Name of Sentencing Judicial Officer:　　John S. Unpingco

Date of Original Sentence:　　February 16, 1996

Original Offense: Receiving, Concealing or Disposing of Stolen Explosive Materials, in violation of 18 U.S.C. § 842(h).

Original Sentence: Sentenced to 51 months imprisonment followed by three years of supervised release with conditions to include that the he not possess, use, administer, or distribute any narcotic or controlled substance; be subjected to random and scheduled urinalysis; shall attend drug treatment or aftercare; not commit another federal, state, or local crime; not illegally possess a controlled substance; refrain from unlawful use of a controlled substance; submit to one urinalysis within 15 days of release from imprisonment and at least two periodic drug tests thereafter; comply with the standard conditions of supervision; perform 300 hours of community service; and pay a $50 special assessment fee. **Modified** on December 16, 2003 to include that he perform an additional 150 hours of community service. **Modified** on June 25, 2004 to include that he perform an additional 150 hours of community service.

Type of Supervision:　　Supervised Release　　　　Date Supervision Commenced:　September 1, 2003

---

### PETITIONING THE COURT

☐ To extend the term of supervision for _____ years, for a total term of _____ years.

☒ To modify the conditions of supervision as follows:

1. The defendant shall participate in the home detention component of the home confinement program for a period of **two (2) months**, and abide by all the requirements of the program which will include electronic monitoring. The defendant is to pay all or part of the costs of the program based on your ability to pay as determined by the probation officer. The defendant is to be restricted to his residence at all times except for employment; education; religious service; medical; substance abuse or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the probation officer.

**ORIGINAL**

Report for Modifying the
Conditions or Term of Supervision with
Consent of Offender
page 2

## CAUSE

On February 16, 1996, Henry Taitague Quintanilla was sentenced by the Honorable John S. Unpingco for Receiving, Concealing, or Disposing of Stolen Explosive Materials, in violation of 18 U.S.C. § 842(h). He received a 51 month term of imprisonment, followed by a three year term of supervised release with various conditions, to include that he refrain from any unlawful use of a controlled substance.

Mr. Quintanilla is also on a local parole term, subsequent to a conviction on November 9, 1999 in Superior Court of Guam Case No. CF 508-97 for Supplying/Promoting Prison Contraband, Possession of a Controlled Substance with Intent to Deliver, and Possession of a Controlled Substance. On January 6, 2006, Mr. Quintanilla was subjected to a urinalysis by officers with the Department of Corrections, Parole Services Division, which tested positive for methamphetamine. He spent five days in parole custody as a sanction. On January 24, 2006, this officer met with Mr. Quintanilla to discuss the positive drug test. He executed an admission form, admitting to "smoking ice" on January 5, 2006. He also stated that the parole officers located an "ice pipe" when they searched his bedroom. Mr. Quintanilla denied that the "ice pipe" belonged to him.

Mr. Quintanilla completed his initial drug treatment program on December 18, 2004 and completed his community service requirement on November 17, 2004. He has been referred for additional drug treatment and testing. In addition, he voluntarily submitted to a DNA sample of his blood on April 22, 2005.

Based on the information above, this Officer respectfully requests that the Court modify the conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(2) as outlined above. Attached is Probation Form 49, Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision, with Mr. Quintanilla's consent to the modification.

Reviewed by:

ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader
Date: 2/17/06

Respectfully submitted,

by: JOHN W. SAN NICOLAS II
U.S. Probation Officer
Date: 2/17/06

## THE COURT ORDERS

☐ No Action.

☐ The Extension of Supervision as Noted Above.

☒ The Modification of Conditions as Noted Above.

☐ Other    The issuance of a Summons or a Warrant (circle one)

RECEIVED
FEB 17 2006
DISTRICT COURT OF GUAM
HAGATNA, GUAM

Signature of Judicial Officer
FRANCES TYDINGCO-GATEWOOD,
Designated Judge
February 27, 2006
Date

# United States District Court

for

*District of Guam*

## Waiver of Hearing to Modify Conditions
## of Probation/Supervised Release or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

1. The defendant shall participate in the home detention component of the home confinement program for a period of two (2) months, and abide by all the requirements of the program which will include electronic monitoring. The defendant is to pay all or part of the costs of the program based on your ability to pay as determined by the probation officer. The defendant is to be restricted to his residence at all times except for employment; education; religious service; medical; substance abuse or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the probation officer.

Witness: John W. San Nicolas II
U.S. Probation Officer

Signed: Henry T. Quintanilla
Probationer or Supervised Releasee

February 6, 2006
Date