PROB 12C
(7/93)



**FILED**

DISTRICT COURT OF GUAM

APR 1 3 2006

MARY L.M. MORAN
CLERK OF COURT

*United States District Court*

*District of Guam*

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: **Henry Taitague Quintanilla**      Case Number: **CR 95-00128-001**

Name of Sentencing Judicial Officer:      Honorable John S. Unpingco

Date of Original Sentence:      February 16, 1996

Original Offense:      Receiving, Concealing or Disposing of Stolen Explosive Materials, in violation of 18 U.S.C. § 842(h).

Original Sentence:      Sentenced to 51 months imprisonment followed by three years of supervised release with conditions to include that the he not possess, use, administer, or distribute any narcotic or controlled substance; be subjected to random and scheduled urinalysis; shall attend drug treatment or aftercare; not commit another federal, state, or local crime; not illegally possess a controlled substance; refrain from unlawful use of a controlled substance; submit to one urinalysis within 15 days of release from imprisonment and at least two periodic drug tests thereafter; comply with the standard conditions of supervision; perform 300 hours of community service; and pay a $50 special assessment fee. **Modified on December 16, 2003** to include that he perform an additional 150 hours of community service. **Modified on June 25, 2004** to include that he perform an additional 150 hours of community service. **Modified on 2/27/06** to include that he serve two months home confinement. **Modified on March 6, 2006** to include that he serve 5 days of intermittent confinement.

Type of Supervision:      Supervised Release      Date Supervision Commenced: September 1, 2003

Assistant U.S. Attorney:      Karon V. Johnson      Defense Attorney: John Tarantino

## PETITIONING THE COURT

☐ To issue a warrant

☒ To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. | Tested positive for use of methamphetamine. |
| 2. | Failed to report for drug treatment counseling. |
| 3. | Failed to report for drug testing. |

**ORIGINAL**

U.S. Probation Officer Recommendation:

[X] The term of supervision should be

    [X] revoked.

    [ ] extended for      years, for a total term of      years.

[ ] The conditions of supervision should be modified as follows:

*See attached Declaration in Support of Petition -*
*Violation of Supervised Release Conditions; Request for a Summons*

Reviewed by:      Reviewed by:      Respectfully submitted,

ROSSANNA VILLAGOMEZ-AGUON    KARON V. JOHNSON    by JOHN W. SAN NICOLAS II

U.S. Probation Officer      Assistant U.S. Attorney      U.S. Probation Officer
Supervision Unit Leader

Date: 4/5/06      Date:      Date: 4/5/06

THE COURT ORDERS:

[ ] No Action.

[X] The Issuance of a Warrant.

[ ] The Issuance of a Summons.

[ ] Other

**RECEIVED**
APR 11 2006
**DISTRICT COURT OF GUAM**
**HAGATNA, GUAM**

Signature of Judicial Officer
ROGER T. BENITEZ, Designated Judge

4/13/06
Date

# VIOLATION WORKSHEET

1. Defendant    Henry Taitague Quintanilla

2. Docket Number (Year-Sequence-Defendant No.)    CR 95-00128-001

3. District/Office    0993/1

4. Original Sentence Date    __2__ / __16__ / __96__
     month    day    year

(If different than above):

5. Original District/Office

6. Original Docket Number (Year-Sequence-Defendant No.)

7. List each violation and determine the applicable grade (see §7B1.1(b))

| Violation(s) | Grade |
|---|:---:|
| ● *Shall refrain from any use of a controlled substance.* | C |
| ● *Shall participate in drug testing and drug treatment.* | C |
| ● | |
| ● | |
| ● | |
| ● | |

8. Most Serious Grade of Violation (see §7B1.1(b))    C

9. Criminal History Category (see §7B1.4(a))    III

10. Range of Imprisonment (see §7B1.4(a))    3-9   months

11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

[X] (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

[ ] (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

[ ] (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

**Mail documents to: United States Sentencing Commission, Federal Judiciary Building, One Columbus Circle, NE, Suite 2-500, South Lobby, Washington, D.C. 20002-8002**

Defendant: Henry Taitague Quintanilla

12. **Unsatisfied Conditions of Original Sentence**

List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

| | | | |
|---|---|---|---|
| Restitution ($) | N/A | Community Confinement | N/A |
| Fine ($) | N/A | Home Detention | 2 months |
| Other | | Intermittent Confinement | N/A |

13. **Supervised Release**

If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

Term: _____ to _____ years.

If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

Period of supervised release to be served following release from imprisonment:     27-33 months

14. **Departure**

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

None.

15. **Official Detention Adjustment** (see §7B1.3(e)):     0     months     0     days

# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF GUAM

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | CRIMINAL CASE NO. 95-00128-001 |
| Plaintiff, ) | |
| ) | |
| ) | DECLARATION IN SUPPORT OF PETITION |
| vs. ) | |
| ) | |
| **HENRY TAITAGUE QUINTANILLA,** ) | |
| Defendant. ) | |
| _____) | |

Re:    Violation of Supervised Release Conditions; Request for a Summons

I, U.S. Probation Officer John W. San Nicolas II, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of supervised release for Henry Taitague Quintanilla, and in that capacity declare as follows:

On February 16, 1996, Henry Taitague Quintanilla was sentenced by the Honorable John S. Unpingco for Receiving, Concealing, or Disposing of Stolen Explosive Materials, in violation of 18 U.S.C. § 842(h). He received a 51 month term of imprisonment, followed by a three year term of supervised release with various conditions, to include that he refrain from any unlawful use of a controlled substance. On September 1, 2003, Mr. Quintanilla began his term of supervised release. On December 16, 2003, supervised release conditions were modified by the Court to include 150 hours of community service as a sanction for two positive drug tests. On June 25, 2004, conditions were modified by the Court to include an additional 150 hours of community service as a sanction for purchasing a stolen camera and associating with a known felon. On February 27, 2006, conditions were modified by the Court to include that he serve two months home confinement as a sanction for a positive drug test. On March 6, 2006, conditions were modified by the Court to include that he serve five days of intermittent confinement as a sanction for a positive drug test. Mr. Quintanilla is alleged to have violated the following conditions of supervision:

DECLARATION IN SUPPORT OF PETITION
Violation of Supervised Release Conditions; Request for a Summons
Re:     QUINTANILLA, Henry Taitague
USDC Cr. Cs. No. 95-00128-001
April 4, 2006
Page 2

**Mandatory Condition 1:** *The defendant shall refrain from any unlawful use of a controlled substance.*

**Special Condition 1:** *The defendant shall not possess, use, administer, or distribute any narcotic or controlled substance except that prescribed by a physician for medical treatment. In order to ensure compliance, the defendant will be subject to random and scheduled urinalysis testing, and shall attend any drug treatment or aftercare program deemed necessary at his expense.*

On March 9, 2006, Mr. Quintanilla tested presumptive positive for methamphetamine at the drug testing vendor. The sample was sent to Scientific Testing Laboratories, Incorporated, because he denied use of illicit substances. On March 22, 2006, this Officer received the laboratory report which indicated a positive result for amphetamines and methamphetamine for the March 9, 2006 drug test.

On March 11, 2006, Mr. Quintanilla failed to report for his scheduled drug treatment counseling session. On March 13, 2006, Mr. Quintanilla failed to report for a scheduled urinalysis at the drug testing vendor. On March 14, 2006, he met with this Officer to discuss his compliance with drug treatment and testing. He was subjected to urinalysis, which tested presumptive positive for methamphetamine. Mr. Quintanilla executed an admission form, admitting to using methamphetamine on March 12, 2006.

On March 16, 2006, Mr. Quintanilla failed to report for a scheduled urinalysis at the drug testing vendor. In addition, he failed to report to this Officer the following day as required to address noncompliance.

This is Mr. Quintanilla's seventh documented positive urinalysis for methamphetamine, his fifth since January 2006.

**Supervision Compliance:** Except as outlined above, Mr. Quintanilla has complied with the following conditions of supervision since being placed on supervised release. On December 3, 2003, his $50 special assessment fee was exonerated due to expiration of the liability. As of November 17, 2004, he completed his community service requirement, which were 300 originally ordered hours and 300 additional hours imposed by the Court as sanctions for noncompliance. In addition, on April 22, 2005, he voluntarily submitted to a DNA sample of his blood. Furthermore, he served his five days of intermittent confinement on March 18 and 19, 2006 and on March 24, 25, and 26, 2006. His two month home confinement term is pending assessment of his sister's residence.

DECLARATION IN SUPPORT OF PETITION
Violation of Supervised Release Conditions; Request for a Summons
Re:    QUINTANILLA, Henry Taitague
USDC Cr. Cs. No. 95-00128-001
April 4, 2006
Page 3

**Recommendation:** This Probation Officer respectfully requests that the Court issue a Summons for Henry Taitague Quintanilla to appear for a hearing to answer or show cause why his term of supervised release should not be revoked pursuant to 18 U.S.C. § 3583.

Executed this _4th_ day of April 2006, at Hagatna, Guam, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

Respectfully submitted,

FRANK MICHAEL CRUZ
Chief U.S. Probation Officer

By: _____
JOHN W. SAN NICOLAS II
U.S. Probation Officer

Reviewed by:

_____
ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader

cc:    Karon V. Johnson, AUSA
       John Tarantino, Defense Counsel
       File