Judgment — Page   2   of    4

DEFENDANT:      HENRY TAITAGUE QUINTANILLA
CASE NUMBER:    CR-95-00128

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of :

### 9 MONTHS.

☐ The court makes the following recommendations to the Bureau of Prisons:

**X** The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

     ☐ at  _____ ☐ a.m. ☐ p.m.   on  _____ .

     ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

     ☐ before 2 p.m. on  _____ .

     ☐ as notified by the United States Marshal.

     ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

**FILED**

DISTRICT COURT OF GUAM

AUG 15 2006

**MARY L.M. MORAN**
**CLERK OF COURT**

_____

_____

Defendant delivered on     **0 9 JUN 2006**     to

**FEDERAL DETENTION CENTER**
**P.O. BOX 30547**
**HONOLULU, HI 96820**

a _____ with a certified copy of this judgment.

*John T. Rathman*

~~UNITED STATES MARSHAL~~
*WARDEN*

By    *J. Lurmi*
~~DEPUTY UNITED STATES MARSHAL~~
*Legal Tech*

DEFENDANT:        HENRY TAITAGUE QUINTANILLA
CASE NUMBER:      CR-95-00128

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

**27 MONTHS**

      The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

**The defendant shall not commit another federal, state or local crime.**

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of

     future substance abuse. (Check, if applicable.)

**X**    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works,

     or is a student, as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

      If this judgment imposes a fine or restitution, it is be a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

      The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)    the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)    the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)    the defendant shall support his or her dependents and meet other family responsibilities;

5)    the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)    the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)    the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)    the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)    the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)    the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)    as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:         HENRY TAITAGUE QUINTANILLA
CASE NUMBER:       CR-95-00128

## ADDITIONAL SUPERVISED RELEASE TERMS

1.  DEFENDANT SHALL COMPLY WITH STANDARD CONDITIONS OF SUPERVISED RELEASE AS SET FORTH BY THE U.S. PROBATION OFFICE.

2.  DEFENDANT SHALL REFRAIN FROM ANY UNLAWFUL USE OF A CONTROLLED SUBSTANCE. THE DEFENDANT SHALL SUBMIT TO ONE DRUG TEST WITHIN 15 DAYS OF RELEASE FROM IMPRISONMENT AND AT LEAST TWO PERIODIC DRUG TESTS THEREAFTER, NOT TO EXCEED EIGHT TESTS PER MONTH AS DIRECTED BY THE U.S. PROBATION OFFICE.

3.  DEFENDANT SHALL REFRAIN FROM THE USE OF ANY AND ALL ALCOHOLIC BEVERAGES AND SHALL SUBMIT TO ALCOHOL TESTING, NOT TO EXCEED 8 TESTS PER MONTH AT THE DIRECTION OF THE U.S. PROBATION OFFICE.

4.  DEFENDANT SHALL PARTICIPATE IN A SUBSTANCE ABUSE TREATMENT PROGRAM APPROVED BY THE U.S. PROBATION OFFICE.

5.  DEFENDANT SHALL PARTICIPATE IN HOME DETENTION COMPONENT OF THE HOME CONFINEMENT PROGRAM FOR A PERIOD OF 2 MONTHS AND ABIDE BY ALL THE REQUIREMENTS OF THE PROGRAM INCLUDING ELECTRONIC MONITORING. DEFENDANT SHALL PAY ALL OR PART OF THE COSTS OF THE PROGRAM BASED ON HIS ABILITY AS DETERMINED BY THE U.S. PROBATION OFFICE. DEFENDANT IS RESTRICTED TO HIS RESIDENCE AT ALL TIMES EXCEPT FOR EMPLOYMENT, EDUCATION, RELIGIOUS SERVICES, MEDICAL SUBSTANCE ABUSE OR MENTAL HEALTH TREATMENT, ATTORNEY VISITS, COURT APPEARANCES, COURT ORDERED OBLIGATIONS OR ACTIVITIES AS PRE-APPROVED BY THE U.S. PROBATION OFFICE.

6.  ALL CONDITIONS PREVIOUSLY ORDERED SHALL REMAIN IN EFFECT.



**FILED**
DISTRICT COURT OF GUAM

MAY 16 2006

MARY L.M. MORAN
CLERK OF COURT

# UNITED STATES DISTRICT COURT

District of _____ **GUAM**

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| V. | (For Revocation of Probation or Supervised Release) |

**HENRY TAITAGUE QUINTANILLA**

Case Number:      **CR-95-00128**

USM Number:      **00964-093**

**JAMES MCHUGH, Assistant Federal Public Defender**
Defendant's Attorney

**THE DEFENDANT:**

**X**   admitted guilt to violation of     **Mandatory and Special Conditions**     of the term of supervision.

☐   was found in violation of _____ after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| | SHALL REFRAIN FROM ANY USE OF A CONTROLLED SUBSTANCE | 04/10/2006 |
| | SHALL PARTICIPATE IN DRUG TESTING AND DRUG TREATMENT | 04/08/2006 |

The defendant is sentenced as provided in pages 2 through __4__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐   The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

     It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Defendant's Soc. Sec. No.:   **XXX-XX-8784**

Defendant's Date of Birth:   **XX/XX/1954**

Defendant's Residence Address:

**CHALAN PAGO, GUAM**

Defendant's Mailing Address:

**HAGATNA, GUAM**

**MAY 9, 2006**
Date of Imposition of Judgment

_____
Signature of Judge

**JOHN C. COUGHENOUR, DESIGNATED DISTRICT JUDGE**
Name and Title of Judge

5/16/02    MAY 16 2006
Date

I hereby certify that the annexed instrument is a true copy of the original on file in my office.
ATTEST: CLERK OF COURT
District Court of Guam
Territory of Guam
By _____
Deputy Clerk

COPY