

PROB 12C
(12/04)

# UNITED STATES DISTRICT COURT
for
### District of Guam

FILED
DISTRICT COURT OF GUAM
MAR 30 2007
MARY L.M. MORAN
CLERK OF COURT

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: **Henry Taitague Quintanilla**  Case Number: **CR 95-00128-001**
Name of Sentencing Judicial Officer: John S. Unpingco
Date of Original Sentence: February 16, 1996

Original Offense: Receiving, Concealing or Disposing of Stolen Explosive Materials, in violation of 18 U.S.C. § 842(h).

Original Sentence: Sentenced to 51 months imprisonment followed by three years of supervised release with conditions to include that the he not possess, use, administer, or distribute any narcotic or controlled substance; be subjected to random and scheduled urinalysis; shall attend drug treatment or aftercare; not commit another federal, state, or local crime; not illegally possess a controlled substance; refrain from unlawful use of a controlled substance; submit to one urinalysis within 15 days of release from imprisonment and at least two periodic drug tests thereafter; comply with the standard conditions of supervision; perform 300 hours of community service; and pay a $50 special assessment fee. **Modified on December 16, 2003** to include that he perform an additional 150 hours of community service. **Modified on June 25, 2004** to include that he perform an additional 150 hours of community service. **Modified on February 27, 2006** to include that he serve two months home confinement. **Modified on March 6, 2006** to include that he serve 5 days of intermittent confinement. **Revoked on May 9, 2006,** 9 months imprisonment, followed by 27 months TSR. **Modified on March 12, 2007,** to include that he serve two days of intermittent confinement.

Type of Supervision: **Supervised Release**   Date Supervision Commenced: **January 17, 2007**
Assistant U.S. Attorney: **Karon V. Johnson**   Defense Attorney: **James McHugh**

### PETITIONING THE COURT

[X] To issue a warrant
[ ] To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. | Tested positive for use of methamphetamine. [18 U.S.C.§3583(d)] |
| 2. | Failed to report for drug treatment counseling. [18 U.S.C.§3583(d)] |
| 3. | Refused to submit to urinalysis. [18 U.S.C. § 3583(d)] |

ORIGINAL

※Prob 12C
(12/04)

U.S. Probation Officer Recommendation:

[X] The term of supervision should be

    [X] revoked.

    [ ] extended for _____ years, for a total term of _____ years.

[ ] The conditions of supervision should be modified as follows:

*See attached Declaration in Support of Petition,
Re: Violation of Supervised Release Conditions; Request for a Warrant of Arrest
submitted by USPO John W. San Nicolas II*

Reviewed by: /s/      Reviewed by:      I declare under penalty of perjury that the foregoing is true and correct.

ROSSANNA VILLAGOMEZ-AGUON    KARON V. JOHNSON    JOHN W. SAN NICOLAS II
U.S. Probation Officer    Assistant U.S. Attorney    U.S. Probation Officer
Supervision Unit Leader

Date: 3/23/07    Date: 3-26-2007    Executed on: March 23, 2007

---

**THE COURT ORDERS:**

[ ] No action.

[X] The issuance of a warrant.

[ ] The issuance of a summons.

[ ] Other

RECEIVED
MAR 28 2007
DISTRICT COURT OF GUAM
HAGATNA, GUAM

HON. FRANCES M. TYDINGCO-GATEWOOD
Chief Judge
District of Guam

3/29/07
Date

# VIOLATION WORKSHEET

1. Defendant **Henry Taitague Quintanilla**
2. Docket Number (Year-Sequence-Defendant No.) **CR 95-00128-001**
3. District/Office  0993/1
4. Original Sentence Date  2 / 16 / 96 (month/day/year)

(If different than above):

5. Original District/Office
6. Original Docket Number (Year-Sequence-Defendant No.)

7. List each violation and determine the applicable grade (see §7B1.1(b))

| Violation(s) | Grade |
|---|---|
| • Shall refrain from any use of a controlled substance. | C |
| • Shall participate in drug testing and drug treatment. | C |

8. Most Serious Grade of Violation (see §7B1.1(b)) — **C**
9. Criminal History Category (see §7B1.4(a)) — **I**
10. Range of Imprisonment (see §7B1.4(a)) — **3-9 months**

11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

[X] (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

[ ] (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

[ ] (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

**Mail documents to:** United States Sentencing Commission, Federal Judiciary Building, One Columbus Circle, NE, Suite 2-500, South Lobby, Washington, D.C. 20002-8002

Case 1:95-cr-00128     Document 99     Filed 03/30/2007     Page 3 of 8

Defendant: Henry Taitague Quintanilla

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    | | | | |
    |---|---|---|---|
    | Restitution ($) | N/A | Community Confinement | N/A |
    | Fine ($) | N/A | Home Detention | 2 Months |
    | Other | | Intermittent Confinement | 2 Days |

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: _____ to _____ years.

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from imprisonment: 18-30 months

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

    None.

15. **Official Detention Adjustment** (see §7B1.3(e)):   0   months   0   days

**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF GUAM**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 95-00128-001 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DECLARATION IN SUPPORT OF PETITION** |
| vs. | ) | |
| | ) | |
| HENRY TAITAGUE QUINTANILLA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**Re: Violation of Supervised Release Conditions; Request for a Warrant of Arrest**

I, U.S. Probation Officer John W. San Nicolas II, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of supervised release for Henry Taitague Quintanilla, and in that capacity declare as follows:

On February 16, 1996, Henry Taitague Quintanilla was sentenced by the Honorable John S. Unpingco for Receiving, Concealing, or Disposing of Stolen Explosive Materials, in violation of 18 U.S.C. § 842(h). He received a 51 month term of imprisonment, followed by a three year term of supervised release with various conditions, to include that he refrain from any unlawful use of a controlled substance. On September 1, 2003, Mr. Quintanilla began his original term of supervised release. On December 16, 2003, supervised release conditions were modified by the Court to include 150 hours of community service as a sanction for two positive drug tests. On June 25, 2004, conditions were modified by the Court to include an additional 150 hours of community service as a sanction for purchasing a stolen camera and associating with a known felon. On February 27, 2006, conditions were modified by the Court to include that he serve two months home confinement as a sanction for a positive drug test. On March 6, 2006, conditions were modified by the Court to include that he serve five days of intermittent confinement as a sanction for a positive drug test. On May 9, 2006, Mr. Quintanilla's term of supervised release was revoked. He was sentenced to nine (9) months imprisonment, followed by a 27-month term of supervised release. On January 17, 2007, Mr. Quintanilla began his second term of supervised release. On March 12, 2007, conditions were modified to include that he serve

DECLARATION IN SUPPORT OF PETITION
Violation of Supervised Release Conditions; Request for a Warrant of Arrest
Re:    QUINTANILLA, Henry Taitague
USDC Cr. Cs. No. 95-00128-001
March 23, 2007
Page 2

two days of intermittent confinement as a sanction for a positive drug test. Mr. Quintanilla is alleged to have violated the following conditions of supervision, which are all in violation of 18 U.S.C. § 3583(d).

**Mandatory Condition 1:** *The defendant shall refrain from any unlawful use of a controlled substance.*

**Special Condition 1:** *The defendant shall not possess, use, administer, or distribute any narcotic or controlled substance except that prescribed by a physician for medical treatment. In order to ensure compliance, the defendant will be subject to random and scheduled urinalysis testing, and shall attend any drug treatment or aftercare program deemed necessary at his expense.*

On February 28, 2007, Mr. Quintanilla tested presumptive positive for methamphetamine at the drug testing vendor. He executed an admission form, admitting to using methamphetamine on February 27, 2007. On March 2, 2007, this Officer met with Mr. Quintanilla to discuss his noncompliance with drug abstinence. He stated that he "smoked" with some old friends after a rosary he attended in Agat. As a sanction for the positive drug test, Mr. Quintanilla agreed to an additional four day term of intermittent confinement. This Officer instructed him to refrain from further use of illicit substances. He was also instructed to apply for new telephone service to commence his home confinement term as soon as possible. On the same date, this Officer requested that Mr. Quintanilla submit to a drug test. He stated that he had used the restroom just prior to reporting to the Probation Office and was unable to provide a urine sample (stall).

On March 2, 2007, Mr. Quintanilla failed to report for his scheduled drug treatment counseling session. Earlier in the day, this Officer had reminded him that he had a scheduled session. On March 5, 2007, Mr. Quintanilla met with U.S. Probation Officer Robert I. Carreon to discuss his noncompliance with drug treatment. Mr. Quintanilla explained that he knew he had the counseling appointment, but lost track of time while working in his yard, ultimately missing the appointment. On the same date, he was subjected to a drug test, which tested presumptive positive for methamphetamine. Mr. Quintanilla executed an admission form, admitting to using methamphetamine on March 4-5, 2007. He did not want to explain the details of his drug use. On March 8, 2007, this Officer met with Mr. Quintanilla to address a sanction for his positive drug test on March 5, 2007. Mr. Quintanilla agreed to an additional four day term of intermittent confinement, for a total of eight days.

DECLARATION IN SUPPORT OF PETITION
Violation of Supervised Release Conditions; Request for a Warrant of Arrest
Re:   QUINTANILLA, Henry Taitague
USDC Cr. Cs. No. 95-00128-001
March 23, 2007
Page 3

On March 8, 2006, Mr. Quintanilla tested presumptive positive for methamphetamine at the drug testing vendor. However, the positive drug test falls within the 72-hour window of the body's ability to remove methamphetamine from the March 4-5, 2007 admitted methamphetamine use. On March 12, 2007, this Officer met with Mr. Quintanilla to discuss his compliance with drug testing. He refused to submit to a drug test as instructed to by this Officer. He stated that he was "dirty," (positive for methamphetamine). This Officer requested that he submit to a drug test to confirm the drug positive. However, Mr. Quintanilla refused to do so. He executed an admission form, admitting to using methamphetamine on March 11-12, 2007.

On March 13, 2007, Mr. Quintanilla tested presumptive positive for methamphetamine at the drug testing vendor. However, the positive drug test falls within the 72-hour window of the body's ability to remove methamphetamine from the March 11-12, 2007 admitted methamphetamine use. On March 15, 2007, this Officer met with Mr. Quintanilla to discuss his compliance with drug testing. He was subjected to a drug test, which was positive for methamphetamine and amphetamines. However, the drug test also falls within the 72-hour window of the body's ability to remove methamphetamine from the March 11-12, 2007 admitted methamphetamine use.

On March 19, 2007, Mr. Quintanilla attended a scheduled counseling session at the drug treatment vendor. At the session, he admitted to the counselor that he had used methamphetamine earlier that day. He executed an admission form, admitting to using "ice" on March 19, 2007.

Mr. Quintanilla has requested that his drug testing and counseling requirements be terminated by this Officer. However, the request was denied and he was instructed to continue to comply with the requirements of the drug testing and treatment program. In addition, Mr. Quintanilla has expressed a desire to have his term of supervised release revoked, and that he be returned to custody to serve the remainder of his imprisonment term (15 months), with no supervision to follow. He expressed that he no longer wants to comply with supervision requirements.

This is Mr. Quintanilla's twelfth documented positive urinalysis for methamphetamine, his fifth since the commencement of his second term of supervised release on January 17, 2007.

**Supervision Compliance:** Except as outlined above, Mr. Quintanilla has complied with the following conditions of supervision since being placed on supervised release. On December 3, 2003, his $50 special assessment fee was exonerated due to the expiration

DECLARATION IN SUPPORT OF PETITION
Violation of Supervised Release Conditions; Request for a Warrant of Arrest
Re: QUINTANILLA, Henry Taitague
USDC Cr. Cs. No. 95-00128-001
March 23, 2007
Page 4

of the liability. As of November 17, 2004, he completed his community service requirement, which were 300 originally ordered hours and 300 additional hours imposed by the Court as sanctions for noncompliance. On April 22, 2005, he voluntarily submitted to a DNA collection of his blood, and he served his five days of intermittent confinement on March 18 and 19, 2006 and on March 24, 25, and 26, 2006. In addition, he is pending a two (2) day intermittent confinement order as a sanction for a positive drug test on February 8, 2007. His two month home confinement term has not been satisfied.

**Recommendation:** Though Mr. Quintanilla initially agreed to an additional modification of his supervised release term, to include eight (8) additional days of intermittent confinement as a sanction for two additional positive drug tests, he continues to maintain an active drug using lifestyle. Therefore, this Officer does not recommend that conditions be modified. Instead, this Probation Officer respectfully requests that the Court issue a Warrant of Arrest for Henry Taitague Quintanilla and upon its execution, that he appear for a hearing to answer or show cause why his term of supervised release should not be revoked pursuant to 18 U.S.C. § 3583.

Executed this 23rd day of March 2007, at Hagatna, Guam, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

Respectfully submitted,

FRANK MICHAEL CRUZ
Chief U.S. Probation Officer

By: _____
JOHN W. SAN NICOLAS II
U.S. Probation Officer

Reviewed by:

_____
ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader

cc: Karon V. Johnson, AUSA
James McHugh, Defense Counsel
File